IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-20150-JWL |
| ) | |
| LARRY RUCKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 100). For the reasons set forth below, the Court **denies** the motion.

### I.  Background

In 2005, a jury convicted defendant of two counts of robbery in violation of 18 U.S.C. § 1951, two counts of brandishing a firearm in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This Court sentenced defendant to concurrent terms of 125 months on the robbery and felon-in-possession counts, and statutorily-mandated consecutive terms of 84 months and 300 months on the Section 924(c) offenses, for a total of 509 months. Defendant is presently incarcerated at USP Leavenworth, and his present release date is in July 2041.

On June 23, 2020, defendant filed the instant motion through counsel. Defendant cites two bases for relief: his medical condition, which gives him an elevated risk of harm from the ongoing COVID-19 coronavirus pandemic; and the disparity between the 32 years he received on the Section 924(c) counts and the 14 years he would receive on those counts if sentenced today after changes to the law.

## II.     Exhaustion

Defendant seeks relief under 18 U.S.C. § 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* Defendant has satisfied this requirement because his motion was filed more than 30 days after his May 18, 2020, request to the warden.

The Government argues that defendant has not fully satisfied the exhaustion requirement because he now relies on certain medical conditions that he did not specifically cite in his request to the warden. The Court rejects this argument. In his request, defendant argued that he suffers from "a set of medical conditions," including two particular conditions, that make him especially vulnerable to harm from the coronavirus. The warden had access to defendant's medical records, and defendant relied generally on his medical condition in making his request. Therefore, the Court concludes that defendant has

satisfied the exhaustion requirement with respect to his medical-condition argument, and the Court thus has jurisdiction to consider the totality of defendant's argument.

### III. Immediate Release Based on Medical Risk

Section 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons." *See id.* The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

The applicable statute provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement may be found at U.S.S.G. § 1B1.13. In Section 1B1.13, the Sentencing Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.*

Defendant seeks reduction of his sentence to time served – and thus immediate release – based on his medical condition. Defendant must therefore show that he would not present a danger to the safety of the community. The Court concludes in its discretion that defendant has failed to make that showing. Defendant's offenses of conviction in this Court involved violence. As set forth in the presentence report, defendant committed

3

crimes on a regular basis from his time as a juvenile through the time he committed the instant offenses at age 35.  He also consistently committed parole violations, thereby demonstrating his inability to comply with the terms of his release from prison.

In his motion, defendant argues that there is no indication that he is now a danger, noting that he has had no incidents of violence in prison, that he has had only one disciplinary incident in the last ten years, and that he has taken advantage of educational and rehabilitative opportunities in prison.  Defendant has provided no evidence to support those claims, however.  Moreover, the Court is not persuaded that such efforts overcome defendant's demonstrated propensity to violate the law, including by the use of firearms, and to violate terms of release.  Accordingly, the Court denies defendant's request for immediate release because of his medical condition.[1]

---

[1] This case is easily distinguished from other cases in which the Court has granted immediate release under this statute.  In *United States v. Rayford*, 2020 WL 4335013 (D. Kan. July 28, 2020) (Lungstrum, J.), the defendant had been assigned to a low-security facility, and the Government agreed that his advanced age (69 years) made the risk of his recidivism slight.  *See id.* at *3.  In *United States v. Jackson*, 2020 WL 4284312 (D. Kan. July 27, 2020) (Lungstrum, J.), the defendant's offenses did not involve the use of violence, and the Government did not dispute that she would not be a danger to the community.  *See id.* at *1-2.  In *United States v. Riccardi*, 2020 WL 2460636 (D. Kan. July 24, 2020) (Lungstrum, J.), the defendant had been assigned to a low-security facility, and the Government did not dispute that he did not pose a danger to the community.  *See id.* at *3.  In *United States v. Plank*, 2020 WL 3618858 (D. Kan. July 2, 2020) (Lungstrum, J.), the defendant had no history of violence, he had been housed in a low-security facility, he had previously completed a substantial period of home confinement without incident, and the Government did not dispute that he did not present a danger to the community.  *See id.* at *4.  In this case, the Government does not concede the issue, defendant has had a history of violence, and defendant has previously demonstrated an inability to comply with terms of his release.

### IV.     Sentencing Disparity Resulting from a Change in the Law

In the alternative to his request for immediate release, defendant argues that the Court should, pursuant to Section 3582(c)(1)(A), reduce his sentence to 293 months because that is the sentence he would have received if the present law concerning "stacking" of offenses under 18 U.S.C. § 924(c) had been in effect at the time of his sentencing. At that time, the law, as interpreted by the Supreme Court, mandated a sentence of 7 years for the first brandishing count and a sentence of 25 years for the second count, even though defendant committed the second offense before he had been convicted of the first offense. *See Deal v. United States*, 508 U.S. 129 (1993). In 2018, in the First Step Act (FSA), Congress amended Section 924(c) to make the 25-year mandatory sentence apply only to a second offense committed after conviction on the first offense. *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22 (Dec. 21, 2018); 18 U.S.C. § 924(c). Thus, if sentenced under the 2018 amendment, defendant would have received terms totaling 14 years for these counts (instead of 32 years), and his total sentence (with the sentence for the other counts) would have been 293 months.

The Court concludes that such a disparity based on a change in sentencing law cannot serve as the basis for relief under Section 3582(c)(1)(A). The Court addressed this issue in *United States v. Jackson*, 2020 WL 2812764 (D. Kan. May 29, 2020) (Lungstrum, J.). In *Jackson*, the Court held that such a disparity created by a change in the law could not provide the basis for relief under the compassionate release statute if Congress chose not to make that change retroactive. *See id.* at *4-5. The Court addressed the rationale stated by some courts "that Congress, in deciding not to make a change in the FSA

retroactive, may have intended that some but not all defendants could get the benefit of [the] change, such that the change could effectively be given retroactive effect on a case-by-case basis." *See id.* (citing cases). The Court then rejected that reasoning as follows:

> The fault in that reasoning arises from the fact that in Section 404 of the FSA, Congress did just that explicitly – it allowed courts *in their discretion* to resentence defendants as if the Fair Sentencing Act of 2010 had been in effect at sentencing. *See* Pub. L. No. 115-391, § 404, 132 Stat. at 5222. Thus, in the FSA, Congress explicitly provided for case-by-case retroactivity when it intended to do so. The fact that there are no similar retroactivity provisions for other changes to the statutes or the sentencing guidelines on which defendant relies leads the Court to conclude that Congress did not intend that such changes be retroactively applied, either for all defendants or for some defendants.

*See id.* at *5. The Court also noted that courts that had addressed and chosen to ignore the lack of retroactivity had involved the FSA's amendment of Section 924's stacking provisions; and it further noted some of those courts had relied on the fact that in the FSA the amendment was titled a "clarification," suggesting that Congress had always intended the statute to apply as amended. *See id.*; Pub. L. No. 115-391, § 403, 132 Stat. at 5221. The Court thus held in *Jackson* that, "at least in a case that does not involve Section 924 stacking, granting relief under Section 3582(c)(1)(A) based on non-retroactive changes in sentencing law would not be consistent with the FSA, the statute that created this avenue of relief." *See Jackson*, 2020 WL 2812764, at *5.

The Court now extends its holding from *Jackson* to cases involving Section 924 stacking, and thus to the present case. The Court is not moved by the "clarification" heading in the statute. A heading cannot substitute for the operative text of a statute, *see Florida Dept. of Rev. v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008), and Section

6

403 of the FSA expressly states that it applies to an offense committed before the amendment if the sentence for the offense had not been imposed at the time of enactment of the FSA. *See* Pub. L. No. 115-391, § 403, 132 Stat. at 5222. Thus, Congress did not fail to address retroactivity; rather, it expressly limited the retroactive effect of the statute. It declined to make the statute retroactive even though the law had been applied differently for at least 25 years, since the Supreme Court decided *Deal*. At the same time, in Section 404 of the FSA, Congress did allow for the retroactive application of other changes in sentencing law. *See id.* § 404, 132 Stat. at 5222. Similarly, 18 U.S.C. § 3582(c)(2) allows for the retroactive application of some changes in the sentencing guidelines. *See id.* No statute allows for the retroactive application of the FSA's change to the stacking provisions. Section 3582(c) expressly prohibits a court from modifying a term of imprisonment once imposed except as expressly permitted. Therefore, applying the FSA retroactively in this case, as effectively urged by defendant in seeking compassionate relief based on the sentencing disparity, would run afoul of Section 3582(c) and the FSA.[2]

For this reason, the Court concludes that it may not grant defendant relief under Section 3582(c)(1)(A) based on the disparity between his sentence and the sentence he

---

[2] The Government argues that this holding is supported by the Tenth Circuit's opinion in *United States v. Saldana*, 807 F. App'x 816 (10th Cir. 2020) (unpub. op.), in which the court held that relief under Section 3582(c)(1)(A) could not be based on a change in sentencing law. *See id.* 819-20. That opinion was unpublished and non-precedential, however. Moreover, the opinion lacks significant persuasive value because the Tenth Circuit based its holding on the fact that the Bureau of Prisons had not adopted such a change as an "extraordinary and compelling" reason under Section 3582, without addressing the district court's own discretion to identify such reasons. *See id.* Thus, the Court does not rely on *Saldana* in reaching this decision.

would have received if given the benefit of a subsequent amendment of sentencing law. Accordingly, defendant's motion is denied in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 100) is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of July, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge