IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-20150-JWL |
| ) | |
| LARRY RUCKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court after remand on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 100). For the reasons set forth below, the Court **grants** the motion, and defendant's term of imprisonment is hereby reduced to time served.

**I.   Background**

In 2005, a jury convicted defendant of two counts of robbery in violation of 18 U.S.C. § 1951, two counts of brandishing a firearm in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This Court sentenced defendant to concurrent terms of 125 months on the robbery and felon-in-possession counts, and statutorily-mandated consecutive terms of 84 months and

300 months on the Section 924(c) offenses, for a total of 509 months.  Defendant's present projected release date is in July 2041.

On June 23, 2020, defendant filed the instant motion through counsel.  Defendant cited two bases for relief:  his medical condition, which gives him an elevated risk of harm from the ongoing COVID-19 coronavirus pandemic; and the disparity between the 32 years he received on the Section 924(c) counts and the 14 years he would receive on those counts if sentenced today after changes to the law.  By Memorandum and Order of July 30, 2020, the Court denied the motion.  *See United States v. Rucker*, 2020 WL 4365544 (D. Kan. July 30, 2020) (Lungstrum, J.), *vacated*, 843 F. App'x 143 (10th Cir. 2021).  The Court held that the sentence disparity could not serve as the basis for relief under Section 3582(c)(1)(A).  *See id.* at *2-4.  The Court further held that immediate release was not warranted based on defendant's medical condition because defendant had not shown that he would not present a danger to the safety of the community upon his release.  *See id.* at *2.

On April 6, 2021, the Tenth Circuit granted the parties' joint motion requesting that this Court's order be vacated and the case be remanded in light of the circuit's decisions in *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021).  *See* 843 F. App'x at 143.  In *McGee*, the Tenth Circuit ruled that although relief under Section 3582(c)(1)(A) could not be based solely on a sentence disparity resulting from a change in sentencing law effected by the First Step Act (in that case, a reduction in the mandatory minimum from life to 25 years), a district court could consider and grant relief based on such a disparity in combination with other

circumstances particular to the defendant. *See McGee*, 992 F.3d at 1045-48. The court rejected the argument that Congress had not made the sentencing change applicable to all defendants retroactively, reasoning as follows: "[N]othing in § 401(c) or any other part of the First Step Act indicates that Congress intended to prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to *some* of those defendants." *See id.* at 1047 (emphasis in original).[1] Three days later, in *Maumau*, the Tenth Circuit effectively reaffirmed that holding by affirming the district court's grant of immediate release based in part on a sentence disparity created by the First Step Act's elimination of the stacking requirement for violations of Section 924(c). *See Maumau*, 993 F.3d 821.

Upon remand, this Court ordered additional briefing, and each party has submitted two supplemental briefs. Defendant relies on his previous bases for relief, but he also cites two new circumstances: (1) his medical condition has worsened, as he has now been diagnosed with a serious cardiac condition called sick sinus syndrome, which gives him a poor prognosis for future survival (47-69 percent five-year survival rate); and (2) he cooperated with a federal investigation by meeting with officials from the Department of

---

[1] In initially denying relief in this case, this Court noted that in another provision of the First Step Act Congress did allow for the application of the Act's sentencing changes only to *some* defendants by allowing district courts in their discretion to resentence certain defendants based on the changes; and it reasoned that because it did not expressly allow the changes to be applied in any other circumstances, Congress did not intend that the changes be otherwise applied retroactively. *See Rucker*, 2020 WL 4365544, at *3 (quoting *United States v. Jackson*, 2020 WL 2812764, at *5 (D. Kan. May 29, 2020) (Lungstrum, J.)). The Tenth Circuit did not address this reasoning in rejecting the non-retroactivity argument in *McGee*. *See McGee*, 992 F.3d at 1045-48.

Justice and providing helpful information on three occasions. The Government continues to oppose the motion.²

**II.     Analysis**

As a general matter, a federal court may not alter a term of imprisonment once imposed, but Section 3582(c) provides one exception to that general rule of finality. *See McGee*, 992 F.3d at 1041. That statute provides that a court, after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court determines what constitutes "extraordinary and compelling reasons." *See McGee*, 992 F.3d at 1045.³ The moving defendant bears the

---

² The Court previously ruled that defendant had satisfied the compassionate release statute's exhaustion requirement, including with respect to all of his medical conditions. *See Rucker*, 2020 WL 4365544, at *1. In its supplemental briefing after remand, the Government has not argued that defendant has failed to satisfy the exhaustion requirement with respect to the new circumstances on which he relies, and thus it has waived any such argument; accordingly, the Court will consider all of defendant's proffered bases for relief. *See United States v. Watson*, 851 F. App'x 136, 137 n.1 (10th Cir. 2021) (noting that the Tenth Circuit, like other circuits, has treated this exhaustion requirement not as a jurisdictional requirement but as a claim-processing rule that may be waived or forfeited). Moreover, even if defendant's cooperation could not be considered as an extraordinary and compelling circumstance warranting a sentence reduction (because of a failure to exhaust), the Court would nonetheless consider the cooperation in determining that the Section 3553(a) factors support relief based on defendant's medical condition and the sentence disparity.

³ Section 3582(c) also requires that the reduction be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Tenth Circuit has held, however, that U.S.S.G. § 1B1.13, the existing policy statement promulgated by the Sentencing Commission concerning a sentence reduction for Continued…

4

burden of establishing that such a "compassionate release" is warranted under the statute. *See Jackson*, 2020 WL 2812764, at *2 (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

This Court has not granted relief under Section 3582 solely because of the COVID-19 coronavirus pandemic, but rather it has required a defendant to show a particularized increased risk of serious harm from the virus based on his or her medical conditions. *See United States v. Draper*, 2021 WL 638022, at *2 (D. Kan. Feb. 18, 2021) (Lungstrum, J.) (noting the defendant had not made such a particularized showing). Defendant is obese and suffers from a serious cardiac condition, which factors the Centers for Disease Control (CDC) has recognized do elevate the risk of serious harm from the virus. In light of that fact, the Government has conceded that defendant "is deemed to have established an extraordinary and compelling reason allowing for consideration of compassionate release under Section 3582(c)(1)(A)." Thus, the Court considers whether a reduction is warranted upon consideration of the Section 3553(a) factors and defendant's particular circumstances.

The Court concludes in its discretion that relief is warranted here. As defendant points out, not only does his medical condition increase his risk of serious harm from the

---

extraordinary and compelling reasons, applies by its terms only to motions filed by the Bureau of Prisons, and thus does not apply in the case of a motion filed by a defendant. *See McGee*, 992 F.3d at 1050. Accordingly, the Court has not considered Section 1B1.13 here in determining whether extraordinary and compelling reasons warrant a reduction of defendant's sentence.

ongoing pandemic, his condition is particularly severe, leaving him with the significant likelihood that he will not survive more than a few years.

In previously denying relief, the Court concluded that defendant had not shown that he would not present a danger to the public upon release, particularly in light of the offense conduct and his criminal history. Defendant's new circumstances have changed that calculus, however. His serious medical condition and attendant treatment make it less likely that defendant would return to crime or violence if released now. In addition, as the Government concedes, defendant's recent cooperation with federal authorities on multiple occasions – undertaken despite the lack of any promise from the Government of support for a reduced sentence and despite the risk of harm to his reputation in prison among the his fellow inmates – provides evidence of his rehabilitation.[4] That evidence is consistent with his sterling disciplinary record while in prison, which includes only a single non-violent incident since 2010. Considering all of these circumstances, the Court is now persuaded that defendant's release would not present any inordinate danger to his community.[5]

The Government points to the number of years left on defendant's sentence, but the Court is satisfied that defendant has served a sufficient term of imprisonment under the

---

[4] The fact that the Government did not feel compelled to initiate sentence reduction proceedings under Fed. R. Crim. P. 35 is not dispositive; the Government has conceded that defendant's cooperation was helpful, and the Court will consider that evidence of his rehabilitation along with defendant's other particular circumstances.

[5] In addition, the Court notes that the United States Probation Office has approved defendant's proposed release plan.

6

circumstances. By enacting the sentencing changes contained in the First Step Act, Congress has indicated that an appropriate sentence in defendant's case would be 14 years for the Section 924(c) offenses, not 32 years, which would yield a total sentence of 293 months (instead of 509 months). If such a sentence had been imposed, defendant's present projected release date would be in August 2025, only four years from now. Defendant has already served over 17 years for these crimes, and the Court concludes that if released now defendant will have served an appropriate sentence in light of his serious medical condition, which militates in favor of immediate release because of his elevated risk from the coronavirus.

As in *Maumau*, defendant's unique circumstances, including the grossly disproportionate sentence that he was given, warrant relief in the form of his immediate release from prison. Accordingly, the Court grants defendant's motion, and it reduces defendant's term of imprisonment to time served.[6]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 100) is hereby **granted**, and defendant's term of imprisonment is hereby reduced to time served.

IT IS SO ORDERED.

Dated this 7th day of September, 2021, in Kansas City, Kansas.

---

[6] The period and terms of defendant's supervised release remain unchanged.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

8